UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- -X
**BRENNAN M. FIRTH d/b/a CUYO IMPORTS,**         :
                                                     :
       **Plaintiff,**                                                                                  :
                                                     :
       *v.*                                                                                            :
                                                     :   **No. 14-cv-5134 (AKH)**
**MSC MEDITERRANEAN SHIPPING CO. S.A.,** *in*     :
*personam*; **and M/V "MSC INGRID" and M/V**      :
**"OCTAVIA,"** their engines, tackle, boilers, etc., *in*  :
*rem*,                                                                                              :
                                                   :
       **Defendants.**                                                                          :
---------------------------------------------------------------- -X

## **COMPLAINT**

Plaintiff, by and through undersigned counsel, for its Complaint against the defendants does hereby state and allege upon information and belief as follows:

1. This is an admiralty or maritime claim within the meaning of Federal Rule of Civil Procedure (FRCP) 9(h). This Court has jurisdiction under 28 U.S.C. § 1333(1).

2. Plaintiff BRENNAN M. FIRTH d/b/a CUYO IMPORTS ("CUYO") was and is a sole proprietor with an office and place of business in Oro Valley, Arizona.

3. Defendant MSC MEDITERRANEAN SHIPPING CO. S.A. (MSC) was and is a Swiss corporation having an agency and place of business as Mediterranean Shipping Co. (USA) Inc. in New York, New York.

4. At and during all the times hereinafter mentioned, MSC was a vessel-owning common carrier of merchandise by water for hire and owned, operated, managed, chartered and/or controlled the M/V "MSC INGRID" and M/V "OCTAVIA," and/or controlled container

slots aboard said vessel, which is now or will be during the pendency of this action and process hereunder within the jurisdiction of this Court.

5. On or about April 26, 2013, the shipper Brennan M. Firth delivered to MSC and the M/V MSC INGRID, among other goods, eleven (11) pallets of Malbec red wine valued at $40,656.00, all in good order and condition and identified by MSC bill of lading number MSCUT6871762, which goods as described in the said bills of lading defendants then and there received, accepted and agreed to transport as common carrier from the port of San Antonio, Valparaíso, Chile to the port of Oakland, California, United States, and there deliver the same in like good order and condition as when shipped, all in consideration of agreed freights thereupon paid or agreed to be paid, and in accordance with the valid terms of said bills of lading above referred to then and there signed and delivered to said shipper by the duly authorized agent of said defendants.

6. The cargo was placed in a sealed forty-foot high cube reefer marked container number TTNU8048570 and seal numbers 00562726 AM21894, which was to be maintained at sixteen degrees Celsius (16°C).

7. Thereafter, the M/V MSC INGRID, having on board the aforesaid merchandise sailed from the port of San Antonio, arrived at the transshipment port of Balboa, Panama City, Panama.

8. At the port of Balboa, MSC made transfer of the said merchandise from the M/V MSC INGRID to the M/V OCTAVIA.

9. Thereafter, the M/V OCTAVIA, having on board the aforesaid merchandise sailed from the port of Balboa, arrived at the port of Oakland.

10.    Thereafter, MSC made delivery of the said merchandise, but in a damaged condition.

11.    By reason of the premises, MSC breached, failed, and violated its duties and obligations as a common carrier and was otherwise at fault in negligence, or otherwise.

12.    MSC's actions herein resulting in damage to cargo created a preferred maritime lien *in rem* in favor of CUYO, and against the M/V MSC INGRID and M/V OCTAVIA.

13.    At all material times CUYO was the shipper, owner, receiver, or the consignee of the shipment described herein, and as holder of the covering bills of lading was entitled to the delivery of said merchandise at destination in the same good order and condition as when shipped, and CUYO brings this action on its own behalf and as agent and trustee on behalf of and for the interests of all parties who may be or become interested in the said shipment, as their respective interests may ultimately appear.

14.    CUYO has duly performed all duties and obligations on its part to be performed.

15.    By reason of premises, CUYO has suffered damages in the sum of $98,643.00, representing the value of the damaged cargo, incidental costs, and loss of revenue, as nearly as may now be determined, no part of which has been paid, although payment thereof has been duly demanded.

16.    Venue is proper in this District based on the forum selection clause contained in the contract of carriage, which states that for any carriage to the United States suit shall be filed exclusively in this District.

**WHEREFORE**, CUYO prays that this Court enter judgment in its favor; and that this Court:

A. Issue the process in due form of law according to the practice of this court in causes of admiralty and maritime jurisdiction against said defendant MSC, citing it to appear and answer under oath all and singular the matters aforesaid;

B. Issue the process in due form of law according to the practice of this court in causes of admiralty and maritime jurisdiction against the M/V MSC INGRID and M/V OCTAVIA *in rem*, and that all persons having or claiming any right, title, or interest therein be cited to appear and answer all and singular the matters aforesaid, and that the M/V MSC INGRID and M/V OCTAVIA may be condemned and sold to pay the demands as aforesaid; and

C. Order, adjudge, and decree that MSC pay to CUYO the damages sustained together with interest thereon and the attorney's fees, costs, and disbursements of this action

D. Provide such other and further relief as this Court may deem just.

Respectfully submitted,

  /s/ John M. Peterson
John M. Peterson
Russell A. Semmel
NEVILLE PETERSON LLP
17 State Street, 19th Floor
New York, NY 10004
(212) 635-2730
jpeterson@npwny.com

June 20, 2014